[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, William S. Gasparrini, filed a two count complaint against the defendants, George Tulloch, Oceanic Research Exploration Ltd. ("OREL"), and Titanic Ventures Limited Partnership ("TVLP"). Both counts sound in breach of contract.
The defendant Tulloch is the president and sole shareholder in the defendant OREL. OREL is a general partner in TVLP. The plaintiff is a limited partner in TVLP. The sole asset of TVLP is CT Page 5245 more than seven million shares of a corporation named RMS Titanic Inc. ("RMST").
The plaintiff alleges that the defendants breached two agreements with him. In the first agreement, the plaintiff allegedly agreed to invest a sum of money in RMST in exchange for the dissolution and distribution of the assets of TVLP. In the second agreement, the plaintiff agreed to pay certain legal fees owed by Tulloch, OREL, and TVLP, in exchange for the confirmation that TVLP would distribute to the limited partners within sixty days of a pending court order, 80% of its asset (the shares of RMST). The plaintiff alleges that he performed his obligations under the agreements, but the defendants have not.
The defendants have filed motions to dismiss based on a lack of standing. Specifically, the defendants argue that the plaintiff's action "sound[s] in a derivative capacity brought on behalf of [TVLP]. And, in bringing said claims, [the p]laintiff is an improper [p]laintiff. . . ." The defendants claim that the plaintiff is a "derivative plaintiff under" General Statutes § 34-34a to 34-34c.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996).
General Statutes § 34-34a states that: "A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed."
General Statutes § 34-34c provides that in such an action, "the complaint shall set forth with particularity the effort of the plaintiff to secure initiation of the action by a general partner or the reasons for not making the effort."
In the present case, the court has no indication that the plaintiff is bringing an action "in the right of a limited partnership. " Rather, the plaintiff's complaint sounds only in a breach of two separate agreements. The plaintiff allegedly entered into these agreements in his individual capacity. And, the plaintiff does not allege that he was acting on behalf on any CT Page 5246 partnership when he entered into the subject agreements. General Statutes § 34-34a to 34-34c have no application to the present case.
It may be said without citation that a plaintiff has standing to bring an action sounding in breach of contract where he was one of the parties to the contract. The defendants' motion to dismiss, therefore, is denied.
So Ordered.
D'ANDREA. J.